UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICK DORSEY                                    CIVIL ACTION

VERSUS                                         NO: 15-2898

NAVIENT SOLUTIONS, INC., ET                    SECTION: "J"(5)
AL.

## ORDER AND REASONS

Before the Court is a *Motion for Leave to Appeal* (**Rec. Doc. 4**) filed by Plaintiff, Mick Dorsey, and an *Opposition* thereto (**Rec. Doc. 14**) by Defendant, the United States Department of Education ("the Department"). Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter arises from an adversary proceeding currently pending before the Bankruptcy Court. Plaintiff filed a Motion for Entry of Default on May 11, 2015 and a Motion for Default Judgment on July 16, 2015, requesting that the Court grant default judgment in his favor against Defendants Navient Solutions f/k/a SLM Corporation ("Sallie Mae") and USA Funds. The Bankruptcy Court set these motions for hearing before the

1

Court on October 19, 2015, the date of a previously scheduled status conference. Plaintiff sought to appeal the Bankruptcy Court's scheduling order, as well as several other interlocutory orders that Plaintiff alleges have caused him prejudice.[1] (Rec. Doc. 4, at 4.) Plaintiff fails to specify the nature of these other orders but informs the Court that he will provide specifics regarding these orders if leave to appeal is granted. *Id.*

On motion of the Department, this Court set Plaintiff's Motion for Leave to Appeal for submission on October 21, after the hearing date for Plaintiff's Motions for Default Judgment. (Rec. Doc. 11.) On October 19, the Bankruptcy Court held a status conference and issued an order setting trial for December 10, 2015. Defendant Educational Credit Management Corp. ("ECMC") subsequently filed a Motion to Strike Plaintiff's motions, or, alternatively, a Motion to Dismiss Sallie Mae. ECMC also filed a Motion to Dismiss USA Funds. The Department then filed a Motion to Dismiss Misjoined Parties. The Court scheduled a hearing on these motions for November 24, 2015. The Bankruptcy Court has not yet ruled on Plaintiff's default judgment motions.

---

[1] Plaintiff later filed a Motion for Stay of the Bankruptcy Court proceedings (Rec. Doc. 6), which he voluntarily withdrew on September 11. (Rec. Doc. 15.)

**LEGAL STANDARD & DISCUSSION**

District courts have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). A decision to permit an interlocutory appeal of a bankruptcy court's decision is within the sound discretion of the district court. *Harang v. Schwartz*, No. 13-58, 2013 WL 4648549, at *2 (E.D. La. Aug. 29, 2013) (Brown, J.) (citing *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)). The Federal Rules of Bankruptcy Procedure do not explicitly dictate the standard that should be employed by a district court in determining whether to grant leave to appeal interlocutory orders from a bankruptcy court. However, courts within the Fifth Circuit have generally adopted the standard provided by United States Code, Title 28, Section 1292(b) for interlocutory appeals from district court orders. *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); *In re Verges*, No. 07-0960, 2007 WL 955042, at *1 (E.D. La. March 27, 2007) (Africk, J.); *Babin v. Hattier*, No. 93-4137, 1994 WL 43810, at *1 (E.D. La. Feb. 8, 1994) (Sear, J.); *see Harang*, 2013 WL 4648549, at *2.

In accordance with Section 1292(b), in order for a district court to permit an interlocutory appeal of a bankruptcy

decision: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Ichinose*, 946 F.2d at 1177. All three grounds in Section 1292(b) must exist in order for the court to consider an interlocutory appeal. *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. 403, 411 (W.D. La. 2013) (Doherty, J.). Interlocutory appeals are generally not favored because they "interfere with the overriding goal of the bankruptcy system[:] expeditious resolution of pressing economic difficulties." *Id.* at 408 (citing *Smith v. AET Inc.*, 2007 WL 1644060, *5 (S.D. Tex. June 4, 2007)). Thus, some courts will grant interlocutory appeals only in "exceptional situations." *Id.*

Plaintiff has failed to address in his pleadings the applicability of the Section 1292(b) elements with regard to this matter. Upon independent application of these elements, however, the Court finds that Plaintiff has failed to present a valid basis for interlocutory appeal.

First, the interlocutory appeal must involve a controlling issue of law. An issue of law is controlling when it has the potential to impact the course of the litigation. *Id.* at 411

4

(citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)). If reversal of the bankruptcy court's decision would result in dismissal of the action, the issue of law is controlling. *See id.* Here, Plaintiff seeks to appeal the Bankruptcy Court's decision to set his motion for hearing in October, several months after he filed it. Reversal of this decision will not impact Plaintiff's claim, only the date of hearing. Thus, the requested interlocutory appeal does not involve a controlling issue of law.

Second, the appeal must present a substantial ground for difference of opinion. Such grounds exist (1) when a lower court rules in a way that appears to conflict with the rulings of all appellate courts that have decided the issue, (2) when the circuits are in dispute and the Court of Appeals of the relevant circuit has not decided the issue, (3) when complicated issues of foreign law arise, or (4) when the case presents difficult questions of first impression. *Id.* at 412 (citing *In re Hallwood Energy, L.P.*, No. 09-31253, 2013 WL 524418, at *3 (N.D. Tex. Feb. 11, 2013)). Such grounds do not exist if a court is the first to rule on a question or if counsel disagrees on applicable precedent. *Id.* Here, Plaintiff seeks to appeal the lower court's scheduling decision. It is undisputed that courts

have broad discretion in controlling their dockets and issuing scheduling orders. *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). Thus, this appeal does not present a substantial ground for difference of opinion.

Finally, immediate appeal of the interlocutory order must materially advance the ultimate termination of the case. Here, allowing an appeal would not materially advance termination. Plaintiff seeks to appeal the Bankruptcy Court's scheduling order, which set his motions for hearing on October 19. Because that date has passed, reversal of this order would not result in an earlier decision on the motions. Thus, appeal would not materially advance termination of the case.

Because none of the three grounds in Section 1292(b) are met, an interlocutory appeal is inappropriate in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Appeal* (**Rec. Doc. 4**) is **DENIED**.

New Orleans, Louisiana this 23rd day of October, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT COURT